# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| CONNECTICUT LIGHT & POWER COMPANY, | : | CIVIL ACTION NO. |
| | : | |
| | : | 3:01CV02373 (AWT) |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| NRG POWER MARKETING INC., | : | |
| | : | |
| Defendant. | : | JUNE 11, 2004 |

### DEFENDANT NRG POWER MARKETING INC.'S MEMORANDUM IN SUPPORT OF ITS MOTION FOR LEAVE TO FILE A SUR-REPLY MEMORANDUM

NRG Power Marketing, Inc. ("NRG") seeks to file a sur-reply memorandum in opposition to Connecticut Light & Power Company's ("CL&P") Motion for Summary Judgment because of new evidence that conflicts with the arguments CL&P made in support of that motion.

## I.    INTRODUCTION

This matter was stayed on May 14, 2003 upon NRG's filing of a voluntary petition for reorganization under Chapter 11 of the U.S. Bankruptcy Code.  Prior to the stay, CL&P filed a Motion for Summary Judgment on February 28, 2003 and NRG responded on March 19, 2003 with a Memorandum in Opposition to CL&P's Motion for Summary

Judgment.  NRG emerged from Chapter 11 bankruptcy on December 5, 2003.  NRG

brings this motion now because of new evidence consisting of written and oral statements

made by CL&P that conflicts with the arguments made by CL&P in support of its motion

for summary judgment.  The evidence, which NRG seeks to bring to the attention of the

Court now, was created after the close of briefing on CL&P's summary judgment motion

and after the imposition of the bankruptcy stay.

II.      <u>FACTUAL BACKGROUND</u>

After filing its memorandum in opposition to CL&P's motion for summary

judgment on March 19, 2003 and after this matter was stayed on May 14, 2003, NRG

learned that at various times between February 2003 and October 2003 CL&P entered into

certain letter agreements and made written and oral statements during regulatory

proceedings that conflict with the arguments that CL&P has made in support of its motion

for summary judgment.  Specifically, the new evidence reflects CL&P's understanding that

congestion charges identified in the Standard Offer Service Wholesale Sales Agreement

("SOS Agreement") with NRG are not the responsibility of the supplier but are the

responsibility of CL&P.  At a minimum, the new evidence reflects ambiguity in the SOS

Agreement with regard to the assignment of responsibility for congestion charges and

negates CL&P's claim for summary judgment.

III.    ARGUMENT

A.    Standard for Granting Leave to File a Sur-Reply

This Court has sole discretion to grant NRG's motion for leave to file a sur-reply memorandum.  American Forest & Paper Ass'n, Inc. v. United States Environmental Protection Agency, 1996 U.S. Dist. LEXIS 13230 at 3 (D.D.C. 1996) (copy attached at Tab 1).

Typically, the question of whether to grant leave to file a sur-reply memorandum arises in the context of arguments or evidence raised for the first time by the moving party in its reply memorandum to the opposing party's memorandum in opposition.  Id.  In this case, the new evidence was not raised in CL&P's reply memorandum but was created by CL&P in written admissions and statements made after the close of briefing on CL&P's motion and after the imposition of an automatic stay of these proceedings.  Therefore, NRG did not have an opportunity to address this new evidence in its memorandum in opposition to CL&P's motion.

Leave to file a sur-reply memorandum should be granted where it is in the interest of fairness and justice and to facilitate the comprehensive presentation of issues and arguments.  Tuchman v. Connecticut, 185 F. Supp. 2d 169, 170 (D. Conn. 2002); Cramer Products, Inc. v. International Comfort Products, LTD., 1990 U.S. Dist. LEXIS 5324, at 2 (D. Kan. 1990), aff'd, 931 F.2d 900 (10th Cir. 1991) (copy attached at Tab 2).  Furthermore, leave to file a sur-reply memorandum is appropriate when it would not

unduly prejudice the moving party and would be helpful to the court in its consideration of the moving party's motion for summary judgment.  American Forest & Paper Ass'n, Inc. v. United States Environmental Protection Agency, at 3 (D.D.C. 1996).

> **B.**    **NRG's Motion for Leave to File a Sur-Reply Memorandum Should be Granted Because it Would be Helpful to the Adjudication of CL&P's Motion for Summary Judgment**

NRG's sur-reply memorandum would not be unduly prejudicial to CL&P and would assist the Court in its adjudication of CL&P's motion for summary judgment.  The new evidence is well known to CL&P, inasmuch as CL&P created the evidence in written and oral statements.  Given the nature of the new evidence, the Court's denial of leave for NRG to file a sur-reply brief would be unduly prejudicial to NRG.  Denying NRG leave to file a sur-reply memorandum would deny it the right to argue that CL&P's own statements and conduct undercut positions it has taken in support of its motion for summary judgment.

At the heart of CL&P's motion is the alleged clarity of the language in the SOS Agreement regarding responsibility for congestion charges.  Both in its memorandum in chief and its reply memorandum, CL&P argues that the SOS Agreement clearly places responsibility for congestion charges on NRG.  CL&P has argued that the Agreement, in Sections 1.4 and 3.1, unconditionally places congestion charges on NRG.  Reply Brief at 1 (Apr. 3, 2003).  Yet, in February 2003, after a market design change in New England, CL&P entered into letter agreements with two of its standard offer electricity suppliers

establishing, inter alia, that CL&P was responsible for congestion charges going forward.[1] Most significantly, CL&P stated in those letter agreements that the parties were not modifying the terms of the SOS Agreements. If the contractual language was unchanged by the letter agreements and CL&P has admitted therein that it is responsible for congestion charges under the SOS Agreement, then CL&P's admission should be fatal to its instant summary judgment motion.

CL&P also argues that the SOS Agreement is unambiguous respecting NRG's responsibility for congestion charges. Reply Brief at 2, 8, 10. However, in the spring of 2003, CL&P appeared before two administrative agencies and presented two completely different arguments as to who is responsible for congestion charges under the SOS Agreement. Specifically, CL&P appeared before the Connecticut Department of Public Utility Control ("DPUC") to request a rate increase in order to defray congestion charges that it claimed were its responsibility under its SOS Agreements. It even provided an internal legal analysis, which concluded that it was responsible for congestion charges from and after March 2003. Shortly thereafter, CL&P filed a Petition of the Federal Energy Regulatory Commission ("FERC") arguing, inter alia, that SOS Agreement suppliers, similarly situated to NRG, were responsible for congestion charges. It acknowledged in the Petition that it had argued to the contrary before the DPUC. CL&P also admitted to

---

[1]     If leave to file a sur-reply memorandum is granted, NRG will submit these letter agreements and other documentary evidence along with an affidavit in conjunction with the sur-reply memorandum.

FERC that under the terms of the SOS Agreement, it was perfectly legitimate to argue that the suppliers were not responsible for congestion charges.  Finally, at a hearing before the FERC in the fall of 2003, one of CL&P's managers admitted that the SOS Agreements were indeed ambiguous.

CL&P's statements and admissions after the conclusion of the summary judgment briefing period and during the stay in this proceeding contrast with the position it has taken in support of its pending motion.  NRG respectfully requests that the Court grant it leave to file a sur-reply memorandum in order to fully present this new probative evidence to the Court, the presentation of which cannot prejudice CL&P and will assist the Court in its adjudication of CL&P's Motion for Summary Judgment.

DEFENDANT - NRG POWER MARKETING INC.


By    /s/
       Elizabeth Stewart (ct01316)
       Matthew J. Budzik (ct19706)
       Murtha Cullina LLP
       CityPlace I
       Hartford, CT  06103-3499
       Telephone No. (860) 240-6000
       Fax No. (860) 240-6150
       estewart@murthalaw.com
       mbudzik@murthalaw.com


       Frederick W. Morris (ct23373)
       Leonard, Street and Deinard
       Suite 2300, 150 South Fifth Street
       Minneapolis, MN  55402
       Telephone No. (612) 335-1500
       Fax No. (612) 335-1657
       Frederick.morris@leonard.com

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the foregoing Defendant NRG Power Marketing

Inc.'s Memorandum in Support of Its Motion for Leave to File a Sur-Reply Memorandum

was mailed first-class, postage prepaid, on this 11th day of June, 2004 to:

> William Shields, Esq.
> Jonathan I. Handler, Esq.
> Day, Berry & Howard LLP
> 260 Franklin Street
> Boston, MA  02110
>
> John Nolan, Esq.
> Day Berry & Howard, LLP
> CityPlace I
> Hartford, CT  06103-3499

/s/
Elizabeth J. Stewart