4 of 5 DOCUMENTS

CRAMER PRODUCTS, INC., Plaintiff, v. INTERNATIONAL COMFORT PRODUCTS, LTD., and ALLOR MEDICAL, INC., Defendants

Civil Action No. 89-2488-0

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF KANSAS

*1990 U.S. Dist. LEXIS 5324*

April 16, 1990, Decided and Filed

**LexisNexis(R) Headnotes**

**COUNSEL:** [*1]

Thomas C. Guyot, Lawrence A. Rouse, Mark D. Hinderks, Stinson, Mag & Fizzell, Kansas City, Missouri.

Dan Chase, Michael Yakimo, Jr., Linde Thomson Langworthy Kohn & Van Dyke, Overland Park, Kansas.

Gregory J. Nelson, Nolson & Roediger, Phoenix, Arizona.

**OPINIONBY:**

O'CONNOR

**OPINION:**

MEMORANDUM AND ORDER

EARL E. O'CONNOR, CHIEF UNITED STATES DISTRICT JUDGE

This matter comes before the court on defendant's motion pursuant to *Rule 52 of the Federal Rules of Civil Procedure.* The defendants request that the court amend the memorandum and order in which we granted plaintiff's motion for a preliminary injunction. International Comfort Products, Ltd., ("ICP") and Allor Medical, Inc., ("Allor") fear that the scope of the "exclusive market," as defined in the memorandum and order, may be misinterpreted. The defendants argue that our memorandum and order does not encompass shoe chains which sell primarily athletic shoes. ICP and Allor also move to strike plaintiff's surreply to their Rule 52 motion and request sanctions pursuant to *Rule 11 of the Federal Rules of Civil Procedure.* For the reasons stated below, we will deny defendants' motions.

*Rule 52(a) of the Federal Rules of Civil Procedure* requires the court [*2] to make findings of fact and conclusions of law if it grants or refuses a preliminary injunction. On December 27, 1989, this court granted a preliminary injunction which among other things enjoined ICP and Allor from selling, other than through Cramer, Tuli's heel cups in the sporting goods, athletic training, and physical therapy markets in the United States. In the order, the court found that plaintiff, promoting itself as the exclusive distributor of the heel cups, would suffer irreparable harm in the form of loss of credibility and loss of goodwill if the injunction was not issued. We believe our memorandum and order was clear. n1

> n1 The court stated at the conclusion of the evidentiary hearing that plaintiff's motion for a preliminary injunction would be granted but that the injunction would be limited to areas in which Cramer had attempted to penetrate. The evidence suggested that plaintiff had not made any in-roads in foreign markets. The court's order therefore only restrained Allor and ICP from selling and marketing in domestic markets. Undisputed testimony and exhibits indicated that Cramer had at least invested some time and resources in attempting to enter the athletic shoe chain market at Davidson's request.

[*3]

Defendants request that the court amend its findings or make additional findings pursuant to *Federal Rule of Civil Procedure 52(b).* See *Gilbert v. Sterret, 509 F.2d 1389, 1393* (5th Cir.), cert. denied, *423 U.S. 951 (1975);* 9 C. Wright & A. Miller, Federal Practice and Procedure § 2582 (1971). The primary purpose of rule 52(b) is to enable appellate courts to obtain the correct understanding of factual issues determined by the trial court as a basis for the conclusions of law and judgment entered thereon. *United States v. Carolina Eastern Chem. Co., Inc., 639 F. Supp. 1420, 1423 (D.S.C. 1986).* A party who has failed to prove his or her strongest case is not entitled to a second opportunity by moving to amend a finding of fact and a

conclusion of law. *Davis v. Mathews, 450 F. Supp. 308, 318 (E.D. Cal. 1978)*. n2

> n2 A motion made pursuant to Rule 52(b) requesting the court to amend its findings or to make additional findings must raise "questions of substance." 9 C. Wright & A. Miller, Federal Practice and Procedure § 2582 (1971) (citing *Leishman v. Assoc. Wholesale Elec. Co., 318 U.S. 203, 205 (1943)*).

An inordinate amount of testimony was presented with regard [*4] to athletic shoe chains such as Foot Locker and The Athlete's Foot, considering the brevity of the evidentiary hearing held on December 7, 1989. In arguing against Cramer's request for injunctive relief, defendants claimed that Cramer breached the best efforts provision of the exclusive distribution contract by failing to make sales to athletic shoe chains. Michael Vineyard ("Vineyard"), Cramer's president, acknowledged on cross-examination and redirect that his company solicited nationwide shoe chains at the request of Murray Davidson ("Davidson"), president of ICP, who had "continually pressed" Cramer to do so. Davidson himself admitted at the hearing that he urged Cramer "to hurry out and try to . . . market [heel cups] with Athlete's Foot."

Exhibits submitted by both parties also indicate that the exclusive distribution contract covers athletic shoe chains. In defendants' exhibit 406, a letter dated July 20, 1984, Davidson urged Robert Pegg ("Pegg"), plaintiff's national sales manager, to solicit The Athlete's Foot stores. Cramer's 1984 market analysis for Tuli's heel cups, plaintiff's exhibit 6, indicates that the nationwide chain of Athlete's Foot stores were to be a primary [*5] target that year. By letter dated March 11, 1985 (Exh. 411), Davidson also urged Cramer to utilize the sales representatives of Nike, a supplier to Foot Locker and other athletic shoe chains, to market and sell the heel cups.

We are convinced that athletic shoe store chains are part of the sporting goods market. During the evidentiary hearing, Davidson repeatedly referred to the Foot Locker as an example of a nationwide chain that plaintiff should have penetrated with his product. n3 Foot Locker's chief executive, Floyd Huff, serves on the National Sporting Goods Association's ("NSGA") board of directors. The NSGA is the largest retailing association in the sporting goods industry. Moreover, the trade publication Sporting Goods Dealer identifies Foot Locker as the nation's largest sporting goods store in its October 1989 issue.

> n3 ICP and Allor argued that Cramer breached the best efforts provision of the contract by failing to penetrate sporting good and athletic shoe store chains in their proposed findings of fact and conclusions of law. Defendants' prior argument in December of 1989 is absolutely inconsistent with their present contention that athletic shoe chains are not in the domestic sporting goods market and therefore are not within the scope of our order.

[*6]

Cramer is engaged in an on-going effort to distribute all of its retail products, including Tuli's heel cups, to national athletic shoe chains. Plaintiff's bid to Foot Locker, the largest of such chains, has been successful. Cramer reports that Foot Locker is prepared to order Tuli's for its 1300 stores. Throughout plaintiff's efforts to distribute the heel cups, Cramer has promoted itself as the exclusive distributor of Tuli's. We believe Cramer's credibility and goodwill would be irreparably harmed if ICP or Allor were permitted to market and sell Tuli's heel cups to national shoe chains. Accordingly, defendants are enjoined from marketing and selling the heel cups to athletic shoe chains for the reasons stated in our December 27, 1989, memorandum and order.

ICP and Allor have moved to strike as unauthorized Cramer's surreply to their Rule 52 motion to amend. Defendants have also requested sanctions pursuant to *Rule 11 of the Federal Rules of Civil Procedure.* Rule 11 requires sanctions against attorneys who file signed pleadings, motions or other papers which are not well grounded in fact, are not warranted by existing law, or a good faith argument for its extension, or are filed [*7] for an improper purpose. n4 The standard for determining whether a Rule 11 violation has occurred is objective reasonableness — whether a reasonable attorney admitted to practice before the court would file such a document. See *Adamson v. Bowen, 855 F.2d 668, 673 (10th Cir. 1988); Burkhart v. Kinsley Bank, 804 F.2d 588, 589-90 & n.3 (10th Cir. 1986).* n5

> n4 *Rule 11 of the Federal Rules of Civil Procedure* provides in relevant part:
>
> The signature of an attorney . . . constitutes a certificate . . . that to the best of the signer's knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law . . . and that it is not interposed for any improper purpose, such as . . . needless increase in the cost of litigation . . . If a pleading, motion, or other paper is signed in violation of this rule, the court . . . shall impose upon the person who signed it . . . an appropriate sanction.
>
> *Fed. R. Civ. P. 11; 28 U.S.C.A. § 2072.* If a pleading is signed in violation of this rule, the court shall im-

pose on the signer, the represented party, or both, an appropriate sanction, which may include an order to pay the other party's reasonable expenses incurred because of the pleading's filing. Id. See also *White and Staponski v. General Motors Corp., 126 F.R.D. 563, 565–66 (D. Kan. 1989); Monument Builders, Inc. v. Am. Cemetery Ass'n, 629 F. Supp. 1002, 1012 (D. Kan 1986)*.

[*8]

n5 The attorney must "stop, look, and listen" before signing a document subject to Rule 11. *Lieb v. Topstone Indus., Inc., 788 F.2d 151, 157 (3d Cir. 1987)*.

In the interest of justice, fairness, and orderly and proper presentation of the issues and arguments, the court in its discretion will accept plaintiff's surreply and deny defendants' motion to strike. ICP and Allor have failed to make a sufficient showing that the filing of a surreply in the instant case is not warranted under existing law or in presenting an argument for the extension of that law. Neither the Federal Rules of Civil Procedure nor the Local Rules of Practice expressly forbid the filing of a surreply. We found plaintiff's surreply helpful in adjudicating defendants' underlying motion. The court will deny the motion of ICP and Allor for sanctions. Cramer did not file its surreply for an improper purpose. The memorandum was filed simply to address a new argument raised by defendants.

IT IS THEREFORE ORDERED that defendants' motion to amend the court's findings is denied.

IT IS FURTHER ORDERED that defendants' motion to strike plaintiff's surreply and request for sanctions pursuant to *Rule 11 of the Federal* [*9] *Rules of Civil Procedure* is denied.

IT IS FURTHER ORDERED that defendants' motion for an oral hearing is denied.

Dated this 16th day of April, 1990, at Kansas City, Kansas.