FILED

2006 DEC 11 A 10: 54

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| THE CONNECTICUT LIGHT AND POWER COMPANY, | : | CIVIL ACTION NO. 3:01CV2373 (AWT) |
| Plaintiff, | : | |
| v. | : | |
| NRG POWER MARKETING INC., | : | |
| Defendant. | : | DECEMBER 4, 2006 |

REPLY OF NRG POWER MARKETING, INC. TO
LETTER BRIEF OF CL&P DATED NOVEMBER 20, 2006

In a letter from its counsel dated November 20, 2006, CL&P submitted to the Court a Memorandum of Decision in a wholly unrelated matter with the suggestion that the decision would be instructive for this Court in its consideration of CL&P's pending motion for summary judgment. The Memorandum of Decision in Constellation Power Source, Inc. v. Select Energy, Inc., No. 3:04CV983(MRK) frankly is neither instructive nor helpful because the issues there, while superficially similar, are quite different from the issues that are at the core of this matter. Moreover, the Memorandum of Decision followed a three-day trial during which extensive testimony was taken about an entirely different agreement, both in form and substance, than the one in dispute in this case. Simply put, the NRG contract

contains materially different provisions that the Constellation contract. Testimony about a different contract can have no relevance or bearing on the dispute between NRG and CL&P.

At the outset, it is worth noting that the Memorandum of Decision submitted by CL&P is based upon the Court's consideration of testimony and evidence taken during a trial on the merits of that case. CL&P is suggesting, inappropriately, that this Court can or should rely upon another Court's findings following a trial between different parties over the meaning of a different agreement. CL&P has a motion for summary judgment pending before this Court. The issue at this stage is whether the language of the NRG/CL&P contract is unambiguous in the context of the arguments presented by CL&P and NRG regarding the Standard Offer Service ("SOS") agreement between them. When deciding a motion for summary judgment, the court does not resolve issues of fact but merely decides whether there is an issue of fact to be tried. Howley v. Town of Stratford, 217 F.3d 141 (2d Cir. 2000); Cronin v. Aetna Life Ins. Co., 46 F.3d 196 (2d Cir. 1995). It would not be appropriate for this Court to borrow findings from another court that held a trial on the meaning of a different contract between different parties.

As for the suggestion that the Constellation court's discussion on pages 12-13 would be instructive, nothing could be more incorrect. First, the court's discussion about the meaning of language in the agreement between Select and CL&P regarding the allocation of

congestion costs *was not the result of considering conflicting evidence as to the meaning*. In fact, as the court noted at p. 27 of its Memorandum of Decision, neither party disputed "that Select was responsible for [congestion] charges [billed to CL&P by ISO-New England]."[1] In this case, the meaning of the language in the SOS Agreement between NRG and CL&P regarding the allocation of congestion charges is vigorously disputed. Without arguing again the submissions to the Court by each party in connection with CL&P's motion for summary judgment, it is clear there is both a significant dispute over the meaning of the relevant contractual language and evidence authored by CL&P of a different meaning than it argues for in its motion. There can be nothing instructive about the Constellation court's comments when neither party bothered to contest the meaning of the language or submit evidence to that court of CL&P's conduct suggesting a different meaning.

Second, the Memorandum of Decision clarifies why neither party bothered to contest the language of the SOS Agreement between Select and CL&P: it was not relevant to the dispute between them. The Memorandum of Decision is focused entirely upon determining the meaning of a separate Letter Agreement between Select and Constellation. "To determine who is responsible for those Pre-SMD congestion charges, the Court begins, where all contract cases must begin, with the language of the parties' Letter Agreement."

---

[1] Select Energy, Inc. is a sister company to CL&P.

Memorandum of Decision at p. 27. Once the Court begins its analysis of the meaning of the Letter Agreement, its focus is entirely upon the conduct between Select and Constellation regarding negotiations of the Letter Agreement and upon the actual language of the Letter Agreement. Of course, the Letter Agreement employs different language and is an entirely different agreement from the SOS Agreement between CL&P and NRG. Hence, nothing from the Constellation court's discussion regarding that agreement can be "instructive" regarding the dispute between NRG and CL&P.

For the reasons set forth herein, NRG respectfully requests the Court disregard the November 20, 2006 CL&P letter brief and enclosed Memorandum of Decision.

DEFENDANT - NRG POWER MARKETING, INC.

By _____
Elizabeth Stewart (ct01316)
estewart@murthalaw.com
Murtha Cullina LLP
Two Whitney Avenue
New Haven, CT 06510
Telephone No. (203) 772-7700
Fax No. (203) 772-7723

Frederick W. Morris (ct23373)
Frederick.morris@leonard.com
LEONARD, STREET AND DEINARD
Professional Association
150 South Fifth Street, Suite 2300
Minneapolis, MN 55402
Telephone: (612) 335-1500
Fax No. (612) 335-1657

Its Attorneys

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Reply of NRG Marketing, Inc. to Letter Brief of CL&P was mailed first-class, postage prepaid, on this 4th day of December, 2006 to:

William Shields, Esq.
Jonathan I. Handler, Esq.
Day, Berry & Howard LLP
260 Franklin Street
Boston, MA 02110

John Nolan, Esq.
Day Berry & Howard, LLP
CityPlace I
Hartford, CT 06103-3499

_____
Elizabeth J. Stewart