UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| THE CONNECTICUT LIGHT AND POWER COMPANY, | : | CIVIL ACTION NO. 3:01CV2373 (AWT) |
| | : | |
| Plaintiff, | : | |
| v. | : | |
| NRG POWER MARKETING INC., | : | |
| Defendant. | : | MAY 25, 2007 |

ANSWER, SECOND AMENDED AFFIRMATIVE DEFENSES,
AND SECOND AMENDED COUNTERCLAIM

The Defendant, NRG Power Marketing Inc. ("NRG"), hereby Answers the Complaint of the Plaintiff, the Connecticut Light and Power Company ("CL&P"), as follows.

ANSWER

1. NRG admits the allegations in Paragraph 1, based upon information and belief.

2. NRG admits the allegations in Paragraph 2.

3. NRG admits that it entered into a contract in writing known as the Standard Offer Service Wholesale Sales Agreement dated October 29, 1999 (the "Agreement"), and denies the remainder of the allegations in paragraph 3.

4. NRG admits that CL&P issued and that NRG responded to a Request for Proposal under the terms of the Connecticut Department of Public Utility Control's decision as stated in Docket No. 99-03-36. NRG denies the remainder of the allegations in paragraph 4.

5. NRG admits that it entered into a Standard Offer Service Wholesale Sales Agreement, dated October 29, 1999, with CL&P. NRG denies that Paragraph 5 accurately or completely states all the relevant terms of the Agreement and therefore denies the remainder of the allegations in paragraph 5.

6. NRG admits that, as part of the Agreement, NRG agreed to sell and CL&P agreed to purchase electrical power under certain circumstances specified in the Agreement. NRG denies that Paragraph 6 accurately or completely states all the relevant terms of the Agreement and therefore denies the remainder of the allegations in Paragraph 6.

7. NRG admits that under the Agreement it was obligated to supply SOS Requirements Power under certain terms specified in the Agreement and that CL&P was obligated to deliver such power to the retail customer. NRG denies that Paragraph 7 accurately or completely states all the relevant terms of the Agreement and therefore denies the remainder of the allegations in Paragraph 7.

8. NRG admits the allegations in Paragraph 8.

9. NRG admits that the definition of SOS Requirement Power in the Agreement includes congestion charges. NRG denies that Paragraph 9 accurately or completely states all the relevant terms of the Agreement and SOS Requirement Power and therefore denies the remainder of the allegations in Paragraph 9.

10. NRG admits that the definition of Delivery Services in the Agreement does not include congestion charges. NRG denies that Paragraph 10 accurately or completely states all

the relevant terms of the Agreement and Delivery Services and therefore denies the remainder of the allegations in Paragraph 10.

11. NRG admits that it received bills from CL&P for congestion charges. NRG denies the remainder of the allegations in Paragraph 11.

12. NRG admits that it erroneously made payments to CL&P for congestion charges for the months of January 2000 and February 2000 in reliance on the accuracy of bills sent by CL&P. NRG denies the remainder of the allegations in Paragraph 12.

13. NRG admits it has refused to make further payments to CL&P for congestion charges and denies that NRG is obligated to pay any such charges.

14. NRG denies the allegations in Paragraph 14.

15. NRG denies the allegations in Paragraph 15.

16. NRG denies the allegations in Paragraph 16.

## COUNT I

17. NRG hereby realleges its responses to Paragraphs 1 through 16 as its response to Paragraph 17 as if fully set forth herein.

18. NRG denies the allegations in Paragraph 18.

19. NRG denies the allegations in Paragraph 19.

COUNT II

20. NRG hereby realleges its responses to Paragraphs 1 through 19 as its response to Paragraph 20 as if fully set forth herein.

21. NRG admits the allegations in Paragraph 21.

## SECOND AMENDED AFFIRMATIVE DEFENSES

NRG hereby asserts the following Affirmative Defenses to CL&P's Complaint.

First Affirmative Defense:

CL&P's claims are barred, in whole or in part, because CL&P has failed to state a claim upon which relief may be granted.

Second Affirmative Defense:

CL&P's claims are barred, in whole or in part, by the equitable doctrine of laches.

Third Affirmative Defense:

CL&P's claims are barred, in whole or in part, by the doctrine of equitable estoppel.

Fourth Affirmative Defense:

CL&P's claims in its First Count are barred by payment.

## SECOND AMENDED COUNTERCLAIM

NRG hereby asserts the following Counterclaims against CL&P.

COUNT I: Breach of Contract: Failure to Refund

1. NRG and CL&P entered into a written agreement, the Standard Offer Service Wholesale Sales Agreement, dated October 29, 1999 (the "Agreement"), portions of which are attached to CL&P's Complaint as Exhibit 1.

2. In April 2000, CL&P improperly billed NRG under the Agreement for NEPOOL congestion charges incurred in January and February 2000 and for which NRG was not obligated to pay.

3. NRG erroneously paid approximately $1,181,774.28 to CL&P for congestion charges in good faith reliance on the accuracy of CL&P's improper bill.

4. On July 18, 2000, NRG objected to CL&P's improper billing for congestion charges under the Agreement and demanded repayment and/or recoupment from CL&P.

5. CL&P has refused and/or neglected to reimburse or repay NRG for congestion charges improperly billed to NRG by CL&P.

6. CL&P breached the Agreement by improperly billing NRG for congestion charges that NRG was not obligated to pay and refusing and/or neglecting to reimburse NRG for congestion charges improperly billed to NRG by CL&P.

7. NRG has fulfilled all of its obligations under the Agreement.

8. Section 13.1 of the Agreement obligates CL&P to indemnify, defend, and hold harmless NRG from all claims, demands, and liabilities (including reasonable attorney's fees) for any failure of CL&P to observe or perform any material term of the Agreement.

9. CL&P's obligation to charge NRG only for those costs that NRG is obligated to pay under the Agreement is a material term of the Agreement.

10. CL&P is obligated to return to NRG approximately $1,181,774.28 which was erroneously paid by NRG in reliance on CL&P's improper invoices and NRG has been damaged by CL&P's refusal to return such monies.

COUNT II: Breach of Contract: Failure to Pay Amount Due and Improper Deduction

1-10. NRG hereby repeats and realleges paragraphs 1 through 10 of Count I as paragraphs 1 through 10 of Count II as if fully set forth herein.

11. NRG has provided SOS Requirements Power to CL&P in compliance with the terms of the Agreement and continues to do so.

12. On or about July 8, 2002, NRG invoiced CL&P $32,323,127.05 for SOS Requirements Power delivered to CL&P during the month of June 2002 (the "Monthly Invoice").

13. Under the Agreement, CL&P is obligated to pay the full amount of the Monthly Invoice, except to the extent CL&P may dispute portions of the amount billed for SOS Requirements Power.

14. On or about August 5, 2002, after it had initiated this lawsuit, CL&P withheld $19,985,489.84 due under the Monthly Invoice for SOS Requirements Power and informed NRG that it refused to pay this amount because CL&P contended NRG owed CL&P $19,985,489.84 in accumulated congestion charges dating back to March of 2000. Upon information and belief, the amount withheld included $1,550,863.46 in interest that CL&P claimed.

15. Thereafter, as NRG submitted each monthly invoice for SOS Requirements Power, CL&P continued to withhold amounts it claimed it was owed for congestion charges. Upon information and belief, the total amount withheld, including the so-called interest, attributable to congestion charges is $28,446,524.36.

16. NRG denies it owes any congestion charges. NRG has demanded that CL&P pay the $28,446,524.36 for SOS Requirements Power.

17. CL&P has claimed that Section 5.4 of the Agreement gives CL&P the right to withhold the $28,446,524.36 in accumulated congestion charges from the payment due NRG under the Monthly Invoice.

18. Section 5.4 of the Agreement does not give CL&P the right to deduct congestion charges from the amount payable to NRG for monthly SOS Requirements Power delivered to CL&P.

19. CL&P breached the Agreement by failing and/or refusing to pay the amount due for SOS Requirements Power under the Monthly Invoice.

20. CL&P breached the Agreement by unilaterally deducting congestion charges from the amount due under the Monthly Invoice for SOS Requirements Power delivered to CL&P.

21. NRG has been damaged.

COUNT III: Breach of the Covenant of Good Faith and Fair Dealing

1-21. NRG hereby repeats and realleges paragraphs 1 through 21 of Count II as paragraphs 1 through 21 of Count III as if fully set forth herein.

22. Every contract carries an implied covenant of good faith and fair dealing requiring that neither party do anything that will injure the right of the other to receive the benefits of that contract.

23. NRG reasonably expected to receive certain benefits under the Agreement, including, but not limited to, payment of the full amount due under its monthly invoices for SOS Requirements Power and CL&P's good faith exercise of its right under Section 5.4 to dispute portions of the monthly bill for SOS Requirements Power.

24. CL&P is obligated to exercise its rights under the Agreement and under Section 5.4 of the Agreement in good faith and in a manner that does not deprive NRG of the benefits it has a right to receive under the Agreement.

25. CL&P wrongfully, intentionally, and in bad faith refused to pay NRG for the full amount of SOS Requirements Power billed under the monthly invoices.

26. By deducting congestion charges from the amount it was obligated to pay NRG for monthly SOS Requirements Power, CL&P has harmed NRG's perceived credit worthiness, withheld important operating capital and cash flow, and harmed NRG's business prospects.

27. By all of the foregoing, CL&P intentionally has prevented NRG from receiving the benefits it has a right to receive under the Agreement.

28. CL&P has breached its duty of good faith and fair dealing to NRG under the Agreement.

29. As a result of CL&P's actions, NRG has suffered and will continue to suffer damages.

COUNT IV: Unjust Enrichment

30. In April 2000, CL&P improperly billed NRG under the Agreement for NEPOOL congestion charges incurred in January and February 2000 and for which NRG was not obligated to pay.

31. NRG erroneously paid approximately $1,181,774.28 to CL&P for congestion charges in good faith reliance on the accuracy of CL&P's improper bill.

32. On July 18, 2000, NRG objected to CL&P's improper billing for congestion charges under the Agreement and demanded repayment and/or recoupment from CL&P.

33. CL&P has refused and/or neglected to reimburse or repay NRG for congestion charges improperly billed to NRG by CL&P.

34. On or about July 8, 2002, NRG invoiced CL&P $32,323,127.05 for SOS Requirements Power delivered to CL&P during the month of May 2002.

35. On or about August 5, 2002, after it had initiated this lawsuit, CL&P withheld $19,985,489.84 due under that invoice for SOS Requirements Power and informed NRG that it refused to pay this amount because CL&P contended NRG owed CL&P $19,985,489.84 in accumulated congestion charges dating back to March of 2000. Upon information and belief, the amount withheld included $1,550,863.46 in interest that CL&P claimed.

36. Thereafter, as NRG submitted each monthly invoice for SOS Requirements Power, CL&P continued to withhold amounts it claimed it was owed for congestion charges. Upon information and belief, the total amount withheld, including the so-called interest, attributable to congestion charges is $28,446,524.36.

37. NRG denies it owes any congestion charges, and has demanded that the $28,446,524.36 be paid to NRG.

38. CL&P has been unjustly enriched by receiving the benefit of money that is not due to it from NRG for congestion charges.

39. NRG has been damaged.

WHEREFORE, the defendant, NRG Power Marketing, Inc., demands the following relief:

1. A declaratory judgment from the Court denying the relief sought by CL&P and dismissing CL&P's Complaint on the merits and with prejudice;

2. A declaratory judgment from the Court declaring that NRG is not obligated to pay CL&P for congestion charges;

3. Recoupment;

4. Compensatory damages;

5. Costs;

6. Interest;

7. Attorneys' fees pursuant to the Agreement; and

8. Such other and further relief as the Court deems just and proper.

DEFENDANT - NRG POWER MARKETING INC.

By _____
Elizabeth J. Stewart – ct01316
estewart@murthalaw.com
Aimee L. Hoben – ct23576
ahoben@murthalaw.com
Murtha Cullina LLP
Two Whitney Avenue, P.O. Box 704
New Haven, Connecticut 06503-0704
Telephone: (203) 772-7700
Facsimile: (203)-772-7723
Its Attorneys

<u>OF COUNSEL</u>:
Frederick W. Morris – ct23373
frederick.morris@leonard.com
LEONARD, STREET AND DEINARD
Professional Association
150 South Fifth Street, Suite 2300
Minneapolis, MN 55402
Telephone: (612) 335-1500
Facsimile: (612) 335-1657

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Answer, Second Amended Affirmative Defenses, and Second Amended Counterclaim was mailed first-class, postage prepaid, on this 25th day of May, 2007 to:

John B. Nolan, Esq.
Day Pitney LLP
CityPlace I
185 Asylum Street
Hartford, CT 06103-3499

William Shields, Esq.
Day Pitney LLP
One International Place
Boston, MA 02110

_____
Elizabeth J. Stewart

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Motion for Leave to Amend Fourth Affirmative Defense and Counterclaim was mailed first-class, postage prepaid, on this 25th day of May, 2006 to:

John B. Nolan, Esq.
Day Pitney LLP
CityPlace I
185 Asylum Street
Hartford, CT  06103-3499

William Shields, Esq.
Day Pitney LLP
One International Place
Boston, MA  02110

_____
Elizabeth J. Stewart